(26 Misc. Rep. 750.)

## LOEFFLER v. FRIEDMAN.

(Supreme Court, Appellate Term. March 24, 1899.)

BROKERS—RIGHT TO COMMISSIONS.
> Plaintiff, a broker, met defendant, and offered him some property for his farm, which was refused; and afterwards wrote him, offering other property for $17,000, subject to a mortgage of $11,000; whereupon plaintiff wrote, asking conditions; to which plaintiff replied that the owner said the mortgage had been overdue four years, but was positive it could stand as long as interest was paid promptly, and that he would accept the farm clear, and $2,000 for the property, subject to the mortgage; and then defendant wrote, "The utmost I could give is $1,000 and the farm clear;" and plaintiff replied that his party accepted defendant's proposition, and he could meet the party at a certain time to close the matter; whereupon

282

.57 NEW YORK SUPPLEMENT                    (Sup. Ct.
and 91 New York State Reporter.

defendant excused himself from the engagement, asking plaintiff to find out if a standing mortgage could be procured, to which plaintiff replied that the mortgagee did not want the money, and it would be foolish to insist on an extension. *Held*, that there was neither an employment nor an agreement to sell or exchange.

Appeal from municipal court, borough of Manhattan, Second district.

Action by Adolph Loeffler against Simon Friedman. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Alfred B. Jaworower, for appellant.
Edwin F. Stern, for respondent.

MacLEAN, J. In his verified complaint, the plaintiff averred that the defendant employed him, as broker, to procure a purchaser for certain property; that he procured a proposed purchaser, who accepted the terms and conditions upon which the defendant agreed to sell the premises; and that the defendant agreed, in writing, to consummate such purchase and sale. Of these asseverations, the plaintiff proved none upon the trial. He testified that he first met the defendant in the defendant's store, in July, and offered him some property for his farm in Connecticut, and that they had some correspondence, a part, but not the beginning, of which he introduced in evidence. In a letter of July 15th, after referring to some property apparently disparaged by the defendant, he wrote: "I send you herewith the particulars of another property, which may suit you better: No. —— E. 98th street; * * * price, $17,000; one mortgage, $11,000." The defendant replied on the same day: "Kindly let me know by mail on what conditions the deal in 98th street can be made. I have seen it. [Salutation and signature.] P. S. Let me know all particulars, including length of time on mortgage." On the 19th the plaintiff wrote: "The owner of the property * * * tells me that the mortgage of $11,000 is on the property for some time, and has been due for over 4 years, and he is positive that, so long as interest are paid punctually, the mortgage can remain for always." And on the 21st he wrote further: "My party has seen the farm, and made me the following proposition: He will accept the farm free and clear, and $2,000 cash, in payment for his property E. 98th street, subject to a mortgage of $11,000." The next day the defendant wrote: "I have well considered your proposition, and the utmost I could give is $1,000, the farm free and clear." On the 26th the plaintiff replied: "I have seen my party again, and * * * I persuaded him to accept your proposition of $1,000 cash and the farm free and clear. If satisfactory to you, you can meet the party to-morrow (Wednesday, July 27th), at eleven o'clock a. m., * * * to close the matter." The defendant answered, on the same day, excusing himself from the appointment, and saying: "Meanwhile will you kindly find out if I can procure from them a standing mortgage. Upon receipt of your answer, I will let you know when I can meet your party." To this the plain-

tiff replied on July 28th: "In reference to the mortgage, can only state that the same can positively remain as long as interest are paid punctually. The mortgage was made a good many years ago, and is now four years overdue, which shows very plainly that the party does not want the money. It would be foolish to disturb the mortgage, and insist on an extension, as long as the mortgagee is satisfied." Then, and on the same day, the defendant ended the chaffering, as he had a right to, even if he gave a conventional, rather than the real, reason for his action, with a postal card running: "Yours received, and in reply would say that, owing to unforeseen circumstances, I am unable to make the deal as I would wish, so I am compelled to drop it at present." In all this the plaintiff proved neither employment nor agreement upon the terms and conditons, nor promise to pay, or to sell or to exchange. The mere statement by the defendant of the utmost he could give in money and property did not make an offer, nor could another make it a proposition by calling it a proposition. The plaintiff's letter, purporting to accept a proposition by the defendant, was itself but an offer, and could only become part of an agreement through acceptance by the defendant. Harvey v. Facey [1898] App. Cas. 552. Moreover, the plaintiff had kept negotiations from passing a preliminary stage by failing to furnish particulars about the stability of the mortgage according to request, which request he again disregarded after what he called the acceptance, and reproved his alleged employer as foolish for the requirement. The judgment should have been given to the defendant, and it should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

FREEDMAN, P. J., concurs.

LEVENTRITT, J. (concurring). In my opinion, the correspondence between the plaintiff and the defendant, as detailed by Mr. Justice MacLEAN, established an agreement for the exchange of the defendant's farm for the property on East Ninety-Eighth street; and if the plaintiff had proven, to the satisfaction of the trial justice, employment by the defendant, or an express or implied promise on his part to pay brokerage to the plaintiff, the latter would have been entitled to recover. The plaintiff was, however, concededly the agent of the owner of the Ninety-Eighth street property, and on his behalf proposed an exchange to the defendant. The mere fact that the transaction was not in the nature of a sale, but involved an exchange, does not impliedly charge the defendant with any liability to compensate. The record fails to disclose any evidence of employment or of a promise to pay; hence the judgment should be reversed.